UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA L. STREIT, *et al.*, ) | |
|     *Plaintiffs*, ) | |
| ) | |
|     *vs*. ) | 1:09-cv-00865-LJM-JMS |
| ) | |
| ELECTRONIC MOBILITY CONTROLS, LLC, *et al.*, ) | |
|     *Defendants*. ) | |

### ORDER

Presently before the Court is Plaintiffs' Motion to Compel, filed against Defendant Electronic Mobility Controls, LLC ("EMC"). [Dkt. 51.]

In this case, Plaintiffs have sued over personal injuries arising from a van crash. The van at issue had an adaptive driving device, which permitted Plaintiff Andrea Streit, a quadriplegic, to drive it. Plaintiffs contend that it malfunctioned. EMC, the device's manufacturer, denies that charge. Instead, EMC contends that the raw data (called the "DataLog") contained in the device conclusively establishes that the system properly responded to Ms. Streit's driving input.

EMC has produced the DataLog during discovery, measuring over 770 pages, [dkt. 52-1 ¶8], but EMC refuses to provide Plaintiffs with the "key" necessary to interpret it, [dkt. 53 at 2 (acknowledging that the key "is the only document that can interpret the DataLog").] The key is a "simple word document," of approximately ten pages. [Dkt. 53-1 ¶9.] EMC seeks to withhold the key because EMC considers it a trade secret in that the key separates EMC's product from those of EMC's competitors, required thousands of hours to develop, and is estimated to be worth over $2,000,000. [*Id.* ¶8.]  As a fall back, EMC says that any production should be extremely limited: Plaintiff's counsel and Plaintiff's expert must first execute a confidentiality

- 1 -

agreement before they can personally view the key, in EMC's Maine facility, and they may not take notes or photographs of the key. [Dkt. 53 at 8.]

## DISCUSSION

The liberal discovery provisions of the Federal Rules are designed to make "trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 (1958). Accordingly, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. Pro. 26(b)(1). For "good cause…[and] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," the Court can, however, preclude the discovery of otherwise relevant information, Fed. R. Civ. Pro. 26(c)(1)(A), or else "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way," *id.* R. 26(c)(1)(G).

Here, EMC doesn't dispute the relevance of the key. Nor could it: The information contained in the key will form an essential component of its defense in this matter because EMC contends that the DataLog, when translated with the key, vindicates the adaptive driving device.

The importance of the key to this case makes it imperative that the key be subject to discovery. Otherwise, Plaintiffs would be unable to cross-examine EMC's witnesses who testify that the DataLog proves that the adaptive driving device functioned properly and would instead be forced to simply trust EMC's version of events. Such a result is incompatible with our adversarial system of justice. Thus, the Court cannot find "good cause" to exempt the key from discovery altogether under Federal Rule of Civil Procedure 26(c)(1)(A)—despite the potential harm to EMC if the key were to somehow wind up in a competitor's hands.

Given the potential harm from public dissemination and given that the key at least qualifies as "confidential…commercial information" (whether or not it also qualifies as a trade secret, a point that Plaintiffs contest, [dkt. 52 at 5]), good cause does exist to place limitations on how the key will be produced.  Fed. R. Civ. Pro. 26(c)(1)(G).  But the limitations that EMC has proposed are so severe as to almost constitute non-production.  The Court is confident that the stipulated protective order in place, together with the additional limitations indicated below, will prevent any public dissemination of the EMC's key.  Should any inappropriate dissemination occur, the Court will take swift and decisive measures to secure compliance with its orders.

Accordingly, the Motion to Compel is **GRANTED**.  Within seven days, EMC shall produce a hardcopy of the key to the DataLog in this matter, which shall be treated as a "Confidential" document under the stipulated protective order, [dkt. 41].  Beyond the limitations already imposed upon the use on such documents, the Court orders that the key not be photocopied or transmitted via electronic means (except in connection with a Court filing) absent written agreement from EMC.

Because Plaintiffs haven't asked for any fees for prevailing here, *see* Fed. R. Civ. Pro. 37(a)(5)(A), the Court awards none.

05/12/2010

*Jane Magnus-Stinson*
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF only**:

Adrienne Franco Busby
BAKER & DANIELS - Indianapolis
afbusby@bakerd.com

Douglas J. May
LAW OFFICES OF DOUGLAS J.MAY
dmay@travelers.com

Jeffrey J. Mortier
FROST BROWN TODD LLC
jmortier@fbtlaw.com

Grant M. Reeves
BAKER & DANIELS - Indianapolis
grant.reeves@bakerd.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

M. Michael Stephenson
MCNEELY STEPHENSON THOPY & HARROLD
mmstephenson@msth.com