UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA L. STREIT, CHRISTOPHER A. STREIT, and SANDRA A. STREIT, Plaintiffs, vs. ELECTRONIC MOBILITY CONTROLS, LLC, and SUPERIOR VAN & MOBILITY, LLC, Defendants. | 1:09-cv-0865-LJM-TAB |

## **ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS**

This matter is before the Court on plaintiffs', Andrea L. Streit, Christopher A. Streit, and Sandra A. Streit (collectively, "Plaintiffs"), Motion for Sanctions Based on Spoliation of Evidence (Dkt. No. 71). This case concerns a motor vehicle accident that occurred when a vehicle control system manufactured by defendant, Electronic Mobility Controls, LLC ("EMC"), allegedly malfunctioned, causing Plaintiffs' vehicle to veer off the road. Compl. ¶ 11. EMC's vehicle control system is equipped with a "black box" that logs data from the system. Ross Dep. at 23. Data is recorded in two separate but related ways. The operations log records all "events," such as a problem with the wiring of the steering system, a low battery, or an impact to a vehicle. *Id.* at 77-78, 80. The datalogger continuously records all of the vehicle control system's inputs and outputs, including all events recorded in the operations log. *Id.* at 79-80.

When the datalogger detects an event, it stores the corresponding data on a block. *Id.* at 81. At any time, there are fifteen blocks in which data is stored temporally. *Id.* at 84. The datalogger is refreshed by a three block rotation that consists of 1) the oldest block,

which is overwritten, 2) the block that is in use, and 3) the block that was previously in use. *Id.* at 81. If an impact, or "G-event," is detected, the corresponding block is locked, so that it cannot be overwritten. *Id.* at 82.

After an accident occurs involving a vehicle equipped with EMC's vehicle control system, it is EMC's standard practice to download the vehicle's datalogger. *Id.* at 16, 119. After the Plaintiffs' accident, Jon Ross ("Ross"), EMC's Vice President of Operations, instructed Paul Pierce ("Pierce"), defendant's, Superior Van & Mobility, LLC ("Superior Van"), employee, on how to properly download the datalogger. *Id.* at 115. When Superior Van took possession of the Plaintiffs' vehicle, the battery was very low. *Id.* at 100. Accordingly, Pierce either started or attempted to start the vehicle a number of times. *Id.* at 130-31. However, although it is undisputed that Pierce started or attempted to start the Streits' vehicle several times after the accident, Ross is not aware whether Pierce did so while attempting to download the datalogger, or whether he did so for some other reason. *Id.*

Every time a vehicle with a control system starts, the datalogger grabs the oldest of the three blocks in the rotation and, if an event occurs, the oldest block is overwritten with new data. *Id.* at 86-87, 116-18. Here, because the Streets' vehicle had a low battery, every time Pierce restarted or attempted to restart the vehicle, the datalogger recorded an event; namely, the low battery. *Id.* at 100, 130-31. As a result, the blocks of data that would have recorded all inputs and outputs and any event occurring more than two minutes and thirty eight seconds before Plaintiffs' accident were overwritten. *Id.* at 130-31. However, the block of data that would have recorded an event and inputs and outputs that occurred within two minutes and thirty eight seconds of Plaintiffs' accident was not

overwritten, nor was the block of data that recorded the event of the accident.  *Id.*  In addition, it is undisputed that any event that occurred prior to Plaintiffs' accident would have been recorded in the operations log.  *Id.* at 79-80.  The operations log from Plaintiffs' vehicle was fully preserved and produced to Plaintiffs.  *Id.* at 78, 98-99.  There are no events that were recorded on the operations log prior to the Plaintiffs' accident.  *Id.* at 101.

According to Andrea Streit, at some time before the accident (presumably, more than two minutes and thirty eight seconds prior to the accident), she pulled her vehicle over to the side of the road because the steering felt abnormal.  Streit Dep. at 110-14.

In their opening brief, Plaintiffs accuse EMC of intentionally deleting information from their vehicle's datalogger; specifically, information from when Andrea Streit pulled her vehicle over after perceiving a steering abnormality.  EMC responds that any information overwritten from the datalogger was overwritten during the ordinary course of EMC's datalogger recovery procedures.  Further, EMC contends that for purposes of Plaintiffs' claim, the only relevant information would be an "event," which would have been recorded simultaneously on the operations log.

Although the Plaintiffs cite cases applying Indiana spoliation law, a motion for sanctions in this Court is governed by federal law.  *See generally Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008).  Given Plaintiffs' accusation, the Court is mindful of Rule 37(e) of the Federal Rules of Civil Procedure.  "Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith

3

operation of an electronic information system." Fed. R. Civ. P. 37(e).[1] Stated otherwise, a showing of bad faith by the non-moving party is a prerequisite to imposing sanctions for the destruction of electronically stored information. *Trask-Morton*, 534 F.3d at 681. "'[B]ad faith' means destruction for the purpose of hiding adverse information." *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998).

Plaintiffs' Motion fails for two reasons. First, Plaintiffs have not shown that Ross instructed Pierce to start and restart their vehicle, much less that Ross did so with the intent of overwriting specific storage blocks on the datalogger.[2] The only evidence before the Court is that Ross does not know why Pierce continuously started and restarted the Plaintiffs' vehicle. Ross Dep. at 130-31. Plaintiffs are not entitled to an inference that Pierce intentionally deleted information from the datalogger at Ross' request. Second, the operations log did not record an event prior to the Plaintiffs' accident, and Plaintiffs have not directed the Court to any evidence indicating that the alleged steering malfunction would be recorded in the datalogger but not in the operations log. Altogether, Plaintiffs have not shown that EMC acted in bad faith, and, therefore, Plaintiffs' Motion for Sanctions is **DENIED**.

---

[1] Of course, the Court's power to sanction is inherent and, therefore, not governed by rule or statute. *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).

[2] Curiously, Plaintiffs have not provided the Court with any testimony from Pierce regarding the instructions he received from Ross.

4

IT IS SO ORDERED this 9th day of November, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Adrienne Franco Busby
BAKER & DANIELS - Indianapolis
afbusby@bakerd.com

Douglas J. May
LAW OFFICES OF DOUGLAS J.MAY
dmay@travelers.com

Jeffrey J. Mortier
FROST BROWN TODD LLC
jmortier@fbtlaw.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

M. Michael Stephenson
MCNEELY STEPHENSON THOPY & HARROLD
mmstephenson@msth.com

Kelly Suzanne Witte
BAKER & DANIELS - Indianapolis
kelly.witte@bakerd.com